# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

EDWIN OSVALDO L. G.,

        Petitioner,

v.

PAMELA BONDI, *Attorney General*;
DAREN K. MARGOLIN, *Director for Executive Office of Immigration Review*;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;
IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

        Respondents.

Case No. 26-cv-48 (LMP/EMB)

**ORDER**

---

Petitioner Edwin Osvaldo L. G. is a native and citizen of Mexico who entered the United States without inspection in 2023. *See* ECF No. 1 ¶¶ 27–29. Edwin Osvaldo L. G. was arrested by immigration officials on January 6, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 33–35. Edwin Osvaldo L. G. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See, e.g., id.* ¶ 80. Edwin Osvaldo L. G. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing

under 8 U.S.C. § 1226(a).  *See id.* ¶¶ 85–89.  Edwin Osvaldo L. G. also alleges that he was arrested without an administrative warrant, which requires his immediate release from detention.  *See id.* ¶¶ 2, 81–84.

With respect to Edwin Osvaldo L. G.'s argument that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), this Court has concluded that noncitizens similarly situated to him are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).  Edwin Osvaldo L. G. raises the same legal issues and requests essentially the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to release him or conduct a bond hearing.[1]  *See* ECF No. 1 ¶¶ 77–103; *id.* at 26–27.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.*  Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Friday, January 9, 2026, certifying

---

[1] The Court notes that Edwin Osvaldo L. G. appears to request preliminary emergency relief as well—for example, an order restraining the Government from transferring him outside of this District while his Petition is pending.  *See, e.g.*, ECF No. 1 at 26.  To the extent Edwin Osvaldo L. G. seeks this preliminary emergency relief, the Court reminds him that he must request such relief in accordance with Federal Rule of Civil Procedure 65 and Local Rule 7.1(d).

the true cause and proper duration of Edwin Osvaldo L. G.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Edwin Osvaldo L. G.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Edwin Osvaldo L. G.'s claims;

   c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

   d. A good-faith argument as to whether—and if so, why—this matter, at least with respect to Edwin Osvaldo L. G.'s argument that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*

3. If Edwin Osvaldo L. G. intends to file a reply to the Government's answer, he must do so on or before Tuesday, January 13, 2026; and

4. No further submissions from either party will be permitted except as authorized by Court order.

Dated: January 6, 2026                    s/Laura M. Provinzino
                                          Laura M. Provinzino
                                          United States District Judge